UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Barbara J. Renneker, : | Case No. 1:10-cv-386 |
| Plaintiff, : | |
| vs. : | |
| Michael J. Astrue, Commissioner : of Social Security, : | |
| Defendant. : | |

**ORDER**

Before the Court are the Commissioner's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 27) The Report (Doc. 26) recommends that this Court grant Plaintiff's motion for attorney fees under the Equal Administration of Justice Act ("EAJA"), which was timely filed after entry of judgment remanding this matter to the Commissioner for further consideration of Plaintiff's entitlement to benefits.

The Report thoroughly and accurately discusses the standards under the EAJA for a fee award to a prevailing party, which is permitted if the government's position was not "substantially justified," and no special circumstances would make the award unjust. 28 U.S.C. §2412(d)(1)(A). The Magistrate Judge noted that this Court found that the ALJ's decision lacked substantial support in the record, and concluded that the Commissioner's position was not substantially justified. The Magistrate Judge

-1-

also found that there were no special circumstances in this case that would bar an EAJA fee award. (Doc. 26 at pp. 4-7) The Commissioner has not objected to these conclusions, and the Court agrees with the Magistrate Judge's analysis and adopts those findings.

The Commissioner does object to several specific recommendations concerning the amount of fees to be awarded. The Magistrate Judge reduced the requested hourly rate, which Plaintiff's counsel had calculated using the CPI-U index, rather than the broader CPI for "all items" typically used in these cases. Using the broader index and annual inflation multipliers, the Magistrate Judge found that an hourly fee for 2010 of $171.43, and for 2011 of $176.49, were appropriate. The Magistrate Judge rejected the Commissioner's objections to counsel's "block billing" entries, but deducted one hour from one of those entries for the approximate time spent preparing a request for additional time. The Magistrate Judge also denied reimbursement for six hours spent on Plaintiff's unsuccessful challenge to the initial Report and Recommendation. But the Commissioner's arguments about other block billings, the amount of time spent preparing the statement of errors and reply, and the 1.25 hours spent drafting the complaint, were rejected.

In his pending objections, the Commissioner again argues that the amount of time spent by Plaintiff's very experienced

counsel to review the administrative record and prepare the statement of errors was excessive. Plaintiff's counsel represented the claimant during the administrative process, and the Commissioner notes that the Government's attorney spent only 17.5 hours to review the transcript and Plaintiff's statement of errors, and to draft a response. He suggests that Plaintiff's counsel should be limited to the same amount of time. The Court disagrees. With the one-hour reduction, Plaintiff's counsel logged 28.75 hours from August 18 through November 2, 2010 to review the transcript, write and edit the statement of errors, and for research for the statement. That is approximately three working days, which does not seem to be excessive nor particularly outside the norm for this type of case. While the legal issues were not inordinately complex or novel as the Magistrate Judge noted, that does not mean that an attorney may pay less attention to the entire record or reduce the time spent on legal research or on editing.

The Commissioner objects to the 10.25 hours counsel spent to prepare a reply brief. The Court has again reviewed Plaintiff's reply brief, and concludes that the reported time is not unduly excessive when considering the entirety of the issues and arguments raised by the Commissioner and replied to in that brief. And the Commissioner objects to the 1.25 hours logged to prepare the complaint, the IFP motion for Plaintiff, and service

of process documents.  The Commissioner argues that these are all simple documents which could be prepared in a fraction of the reported time.  Counsel billed 75 minutes for these tasks, which include having the client complete and sign the IFP application, preparing the complaint and ensuring that proper service is requested.  While the forms may be simple, counsel's attention to documents to be filed with this Court is both necessary and wise.  The Court overrules the Commissioner's objections to these time entries.

Finally, the Magistrate Judge found that, because Plaintiff assigned her rights to any EAJA fee award to her lawyer (see Doc. 21, Exhibit 1), the Commissioner should be directed to pay the award directly to counsel.  The Report cites Steele-Malocu v. Astrue, No. 3:09-cv-383, 2011 WLJ 1742112 at *5 (S.D. Ohio Apr. 1, 2011), where the Magistrate Judge recommended payment of an EAJA fee award directly to the plaintiff's attorney under similar circumstances.  The Commissioner notes that this recommendation was **not** adopted by the district court because it was contrary to the Supreme Court's decision in Astrue v. Ratliff, ___ U.S. ___, 130 S.Ct. 2521 (2010).  See Steele-Malocu v. Astrue, No. 3:09-cv-383, Doc. 20, May 6, 2011 Order.  The district court also found that assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. §3272.  The district court cited several recent cases that reached the

same conclusion. See, e.g., Turner v. Astrue, 764 F.Supp.2d 864, 878-879 (E.D. Ky. 2010), and cases cited therein.

This Court agrees with those conclusions. The Commissioner notes that whether Plaintiff may have any pre-existing debts owed to the United States will be determined only after an EAJA award is made. Ordering payment directly to her attorney prior to that process would jeopardize the ability of the United States to collect such debts, if any exist. Moreover, the Supreme Court very clearly held that EAJA awards are payable to the prevailing party, and not to that party's attorney. Astrue v. Ratliff, 130 S. Ct. at 2525. This is binding authority on this Court, and the Commissioner's objection to this portion of the Magistrate Judge's Report is sustained.

**CONCLUSION**

For all of the foregoing reasons, the Report and Recommendation of the Magistrate Judge (Doc. 26) is adopted as modified by this Order. Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act (Doc. 21) is granted in the amount of $9,367.12, payable to Plaintiff.

SO ORDERED.

DATED: January 4, 2012         s/Sandra S. Beckwith
                               Sandra S. Beckwith
                               Senior United States District Judge